UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE KATIROLL COMPANY, INC.,

                Plaintiff,

     -against-

KATI ROLL AND PLATTERS, INC.,

                Defendant.

No. 10 Civ. 1703 (LTS)(RLE)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  0 9 JUL 2010
```

## MEMORANDUM ORDER

       Plaintiff The Katiroll Company, Inc. ("Plaintiff") asserts claims against defendant Kati Roll and Platters, Inc. ("Defendant") for service mark infringement, trade dress infringement, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq. The Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331. Before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3) for lack of personal jurisdiction and improper venue or, in the alternative, to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Plaintiff's motion to strike Defendant's original reply brief is also before the Court. The Court has considered thoroughly the parties' submissions. For the following reasons, Plaintiff's motion to strike is granted in part and Defendant's motion to transfer is granted.

## BACKGROUND

       The following facts are alleged in the Complaint and are taken as true for purposes of this motion practice. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 189 (2d Cir.

1

2007).  Plaintiff operates two restaurants in Manhattan, New York, and a third in London,

England.  (Compl. ¶ 5.)  Defendant is a New Jersey corporation that operates a single restaurant

in New Brunswick, New Jersey.  (Compl. ¶¶ 16.)  Both Plaintiff and Defendant sell kati rolls,

which are Indian fast-food wraps that, at least when prepared by Plaintiff, are delicious.  (Compl.

¶ 9.)  Plaintiff is the owner of United States Registration No. 3,352,040 for the service mark,

"THE KATI ROLL COMPANY," for restaurant and carry-out restaurant services in Class 43.

(Compl., Ex. 1.)  Plaintiff's restaurants feature a common store design that includes an orange

color scheme, an open kitchen store layout, an exposed brick wall, an open glass front, and light

brown 12-inch square ceramic floor tiles.  (Compl. ¶ 11.)  Plaintiff's New York stores are

oriented towards take-away business and maintain late-night hours to accommodate students'

schedules.  (Compl. ¶¶ 12-13.)

Niraj Jivani ("Niraj") and Rasik Jivani ("Rasik") (collectively, the "Jivanis") are

officers of Defendant.  (Compl. ¶ 8.)  Prior to opening Kati Roll and Platters, Inc., the Jivanis met

with Plaintiff's President at Plaintiff's Manhattan office to discuss the possibility of opening a

franchise of Plaintiff's business in New Jersey.  (Compl. ¶ 14.)  Plaintiff declined to offer the

Jivanis a franchising opportunity and the meeting did not result in any transactions or any further

relationship between the parties.  (Compl. ¶ 20.)  Plaintiff's complaint does not allege any other

relevant contacts between Defendant and the State of New York.

Defendant's store opened in New Brunswick, New Jersey, near the Rutgers

University campus, on December 5, 2007.  Its store design, its targeting of a student customer

base, and its kati rolls resemble in many respects the style, niche, and offerings of Plaintiff's

stores.  (Compl. ¶¶ 17-18.)  Due to these similarities, there have been many comparisons of the

parties' restaurants on restaurant review websites, as well as other alleged manifestations of customer confusion. (Compl. ¶¶ 19-22.) Defendant refused Plaintiff's request to take action to abate customer confusion, and this litigation ensued. (Compl. ¶ 25.)

Defendant moved to dismiss the Complaint on April 12, 2010 (docket entry no. 4) and, following Plaintiff's timely opposition submission, filed a reply memorandum of law on May 21, 2010 ("Plaintiff's Original Reply Brief"). Plaintiff's Original Reply Brief was sixteen pages in length (docket entry no. 15), in contravention of the individual practice rules of the undersigned ("Individual Practice Rules"), which limit reply memoranda to ten pages. Plaintiff subsequently filed an Amended Reply Memorandum of Law that includes ten substantive pages and a signature page. (Docket entry no. 17.) Defendant nevertheless moved to strike Plaintiff's Original Reply Brief. (Docket entry no. 18.)

DISCUSSION

Plaintiff's Motion to Strike

In its consideration of the instant motion, the Court has limited its review to the Amended Reply Memorandum. The Court strikes Plaintiff's Original Reply Brief from the record for non-compliance with the Individual Practice Rules. The Court, in its discretion, accepts the Amended Reply Memorandum as compliant with the Individual Practice Rules. Plaintiff's request for attorney's fees is denied.

Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue

A plaintiff opposing a Rule 12(b)(2) motion to dismiss a complaint for lack of personal jurisdiction has the burden of establishing that the court has jurisdiction over the defendants. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784

(2d Cir. 1999). Where, as here, no discovery has taken place and no evidentiary hearing has been held, plaintiffs can satisfy their burden by making allegations legally sufficient to establish a prima facie case for the exercise of jurisdiction. See PDK Labs v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997); In re Sumitomo Copper Litig., 120 F. Supp. 2d 328, 334 (S.D.N.Y. 2000). The Court may rely on the factual allegations contained in the Complaint as well as on affidavits submitted by the parties, and must draw all factual inferences and resolve any doubts in favor of plaintiffs notwithstanding contrary information proffered by the moving parties. See Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 386 (S.D.N.Y. 2006). "However, conclusory allegations are not enough to establish personal jurisdiction." Gmurzynska v. Hutton, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003) (citation and internal quotation marks omitted), aff'd, 355 F.3d 206 (2d Cir. 2004); see Yellow Page Solutions. Inc. v. Bell Atl. Yellow Pages Co., No. 00 Civ. 5663, 2001 WL 1468168, at *3 (S.D.N.Y. Nov. 19, 2001) (holding that a plaintiff cannot rely on conclusory statements or allegations in opposing a 12(b)(2) motion; rather, the prima facie showing must be "factually supported").

"District courts resolving issues of personal jurisdiction must . . . engage in a two-part analysis." Bank Brussels Lambert, 171 F.3d at 784. First, the Court "must determine whether there is jurisdiction . . .under the relevant (New York) laws." Id. Second, if New York law permits the exercise of jurisdiction, the Court "must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." Id. (citing Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)).

Plaintiff asserts that the Court has personal jurisdiction over Defendant pursuant to Sections 302(a)(1), 302(a)(3)(i) and 302(a)(3)(ii) of New York's long-arm statute. Those

sections provide as follows:

> 302(a) Acts which are the basis of jurisdiction.  As to a cause of action arising from any
> of the acts enumerated in this section, a court may exercise personal jurisdiction over any
> non-domiciliary, or his executor or administrator, who in person or through an agent:
>
>> 1. transacts any business within the state or contracts anywhere to supply goods or
>> services in the state; or
>>
>> 3. commits a tortious act without the state causing injury to person or property
>> within the state, except as to a cause of action for defamation of character arising
>> from the act, if he
>>
>>> (i) regularly does or solicits business, or engages in any other persistent
>>> course of conduct, or derives substantial revenue from goods used or
>>> consumed or services rendered, in the state, or
>>>
>>> (ii) expects or should reasonably expect the act to have consequences in
>>> the state and derives substantial revenue from interstate or international
>>> commerce.

N.Y. C.P.L.R. §§ 302(a) (McKinney 2010).

Plaintiff has failed to make a prima facie showing that Defendant is subject to the

exercise of personal jurisdiction in New York pursuant to Section 302(a)(3), which applies to

allegedly tortious acts occurring outside of New York that cause harm within New York.

"Courts determining whether there is injury in New York sufficient to warrant § 302(a)(3)

jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original

event which caused the injury." Bank Brussels Lambert, 171 F.3d at 791. "The situs of the injury

is the location of the original event which caused the injury, not the location where the resultant

damages are felt by the plaintiff." Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) (internal

citation and quotation marks omitted).  "The occurrence of financial consequences in New York

due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction

under § 302(a)(3) where the underlying events took place outside New York." United Bank of

Kuwait v. James M. Bridges, Ltd., 766 F. Supp. 113, 116 (S.D.N.Y. 1991). "[I]n cases of injury

caused by infringement of intellectual property, the intellectual property owner suffers injury

where the infringement occurs." Penguin Group (USA) Inc. v. American Buddha, No. 09 Civ.

528, 2009 WL 1069158, *2 (S.D.N.Y. Apr. 21, 2009) (rejecting plaintiff's theory that defendant

was subject to personal jurisdiction in New York pursuant to N.Y. C.P.L.R. § 302(a)(3) because

defendant's infringing actions occurring outside New York injured the New York domiciliary

plaintiff in New York). The situs of Defendant's allegedly infringing conduct is in New Jersey.

Accordingly, Defendant is not amenable to personal jurisdiction in New York pursuant to N.Y.

C.P.L.R. § 302(a)(3).

            Plaintiff's argument that the Jivanis' participation in a meeting in New York is a

basis for exercising personal jurisdiction over Defendant similarly fails to frame a prime facia

showing under section 302(a)(1), which provides that jurisdiction over a non-domiciliary

defendant is proper where the defendant transacts business within the state and the claims against

the non-domiciliary defendant arise out of that business transaction. DirecTV Latin Am., LLC v.

Park 610, LLC, 691 F. Supp. 2d. 405, 417 (S.D.N.Y. Jan. 26, 2010). A non-domiciliary

"transacts business" when he purposefully avails himself of the privilege of conducting activities

within New York, thus invoking the benefits and protections of its laws. Id. (citing CutCo

Indus. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986)). In determining whether a defendant has

"purposely availed" itself, the Court considers the "totality of all defendant's contacts with the

forum state." CutCo Indus., 806 F.2d at 365. A claim arises from a particular transaction when

there is some articulable nexus between the business transacted and the cause of action sued

upon or when there is a substantial relationship between the transaction or the claim asserted. Sole Resort. S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006) (internal citation omitted).

To establish jurisdiction in New York based on a meeting, the meeting must be essential to the formation or continuance of a business relationship. NCA Holding Corp. v. Ernestus, No. 97 Civ. 1372, 1998 WL 388562, *1 (S.D.N.Y. July 6, 1998). Meetings in the forum state that are exploratory, unproductive, or insubstantial are insufficient to establish the requisite contacts with the state. Paine Webber Inc. v. WHV, Inc., No. 95 Civ. 0052, 1995 WL 296398, at *3 (S.D.N.Y. May 16, 1995); see also POSVEN v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391, 398 (S.D.N.Y. 2004). The record before the Court demonstrates that Niraj Jivani attended one meeting in New York, and that the meeting did not result in the creation of or continuance of any business relationship. This isolated meeting is an insufficient basis to render Defendant amenable to personal jurisdiction in New York pursuant to N.Y. C.P.L.R. § 302(a)(1).

With respect to Defendant's internet activities as a basis for personal jurisdiction, Plaintiff relies on various "posts" attributed to the Jivanis on Facebook and other websites that promoted Defendant's business and, in particular, targeted New York residents and enthusiasts of New York restaurants. Courts in the Southern District of New York have identified a spectrum of internet contacts by a defendant and their jurisdictional consequences, ranging from a defendant's use of a "passive" website that merely "makes information available" and "does not without more justify the exercise of jurisdiction over the defendant" to a defendant's use of a website in which the defendant "clearly does business over the internet, such as where it knowingly and repeatedly transmits computer files to customers in other states." Citigroup, Inc.

v. City Holding Co., 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000). "[O]ccupying the middle ground are cases in which the defendant maintains an interactive web site which permits the exchange of information between users in another state and the defendant, which depending on the level and nature of the exchange may be a basis for jurisdiction." Id. A website that allows users to post on a message board, but from which no goods can be ordered or purchased falls in this "middle ground." Pitbull Prods., Inc. v. Universal Netmedia, Inc., No. 07 Civ. 1784, 2008 WL 1700196, *5 (S.D.N.Y. Apr. 4, 2008). Furthermore, online advertising, even advertising directed at New York residents, is not sufficient to support the exercise of personal jurisdiction over a defendant when it is not "supplemented by business transactions occurring in the state . . . or . . . accompanied by a fair measure of the defendant's permanence and continuity in New York which establishes a New York presence." Virgin Enters. v. Virgin Eyes LLC, No. 08 Civ. 8564, 2009 WL 3241529, *4 (S.D.N.Y. Sept. 30, 2009).

Defendant is not alleged to have sold goods or services in New York through a website, and Plaintiff has not alleged any facts from which it could be rationally inferred that Defendant's solicitation of New York residents to its restaurants via posting on various websites is supplemented by any transactions occurring in New York or any other indicia of Defendant's permanence and continuity in New York. Accordingly, Plaintiff has failed to meet its burden of proffering a prima facie demonstration of grounds for the exercise of personal jurisdiction over Defendant by this Court, and the action could properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). However, judicial economy is best served by transferring this action to a district in which personal jurisdiction is undisputed.

Defendant's Alternative Motion to Transfer

Defendant alternatively moves for an order directing transfer of this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (West 2006). Adjudication of a motion to transfer venue thus requires a two-pronged analysis: the Court must determine whether the action could have been brought in the transferee district and, if so, whether it would be an appropriate exercise of discretion to order the transfer. The decision to transfer venue is committed to the Court's "broad discretion." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992). The Court may direct transfer even if the Court lacks personal jurisdiction over the defendant. See Fort Knox Music, Inc. v. Baptiste, 257 F.3d 108, 112 (2d Cir. 2001).

In determining whether transfer is warranted "for the convenience of the parties and witnesses [and] in the interest of justice," courts consider several factors. These factors include (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. In re Nematron Corp. Secs. Litig., 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998). Moreover, "if the issue of whether the transferor court has personal jurisdiction over the defendant is a difficult one, transfer to a district where jurisdiction is certain may be in the interest of justice because it may conserve judicial resources." 17 Moore's Federal

Practice, §111.13[1][n] (Matthew Bender 3d ed.).

This action could have been brought in the District of New Jersey, where the court would have subject matter jurisdiction of the claims because they arise under federal law and personal jurisdiction over Defendant, which is a New Jersey corporation. Venue would be proper pursuant to 28 U.S.C. § 1391(b). See American Tel. & Tel. Co. v. Milgo Electronic Corp., 428 F. Supp. 50, 52 (S.D.N.Y. 1977). The relevant discretionary factors in the instant case are that Plaintiff chose the New York forum; Defendant is located in and consents to personal jurisdiction in the District of New Jersey, whereas Defendant vigorously contests personal jurisdiction here; the allegedly offending conduct occurred in New Jersey; and Plaintiff would not be significantly inconvenienced by transfer to the neighboring district. Under the totality of the circumstances, the Court determines that transfer of the action to the District of New Jersey is in the interests of justice.

## CONCLUSION

Plaintiff's motion to strike is granted to the extent that the initial reply brief is stricken from the record, and denied otherwise. Defendant's motion to transfer venue is granted and the Clerk of Court is respectfully directed to transfer the action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). This Order resolves docket entry nos. 4 and 18.

SO ORDERED.

Dated: New York, New York
July 9, 2010

LAURA TAYLOR SWAIN
United States District Judge

KatiRoll.wpd        Version 7/09/10

10